IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STF #1001, L.P. and<br>SPINDLETOP FILMS, L.L.C., | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | CIVIL ACTION NO. H-12-2136 |
| v. | §<br>§ | |
| CESARE WRIGHT, | §<br>§ | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Cesare Wright removed this action from the 270th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2010-23415.  Pending before the court is plaintiffs Spindletop Films, L.L.C. ("Spindletop") and STF #1001, L.P.'s ("STF") (collectively, "Plaintiffs") Amended Motion for Remand, Request for Attorney Fees and Request for Sanctions ("Motion for Remand") (Docket Entry No. 7).  Also pending before the court is Wright's Notice of Removal and Motion for Consolidation (Docket Entry No. 1).  At issue is whether Wright's removal was proper pursuant to the revival exception found in 28 U.S.C. § 1446.  For the reasons discussed below, Plaintiffs' Motion for Remand will be granted in part and denied in part, and Wright's Motion for Consolidation will be denied.

# I.  **Background**

Plaintiffs allege that in March 2007 STF agreed to pay defendant Wright to direct, produce, and edit a documentary film.[1] As part of that agreement Plaintiffs allege that STF provided certain equipment to Wright for the purpose of producing and editing the film.[2]  Plaintiffs further allege that Wright has refused to complete the film, has refused to return the equipment, and has refused to provide the film footage to STF.[3] As a result, Plaintiffs allege that STF has been unable to market the film for distribution.[4]

This lawsuit commenced in state court on April 14, 2010.[5] Plaintiffs amended the petition on October 21, 2010, and again on October 29, 2010.[6]  On November 15, 2010, a day before the trial was to begin in state court, Wright removed the case to this court based on federal question jurisdiction under 28 U.S.C. § 1338 and the revival exception found in 28 U.S.C. § 1446(b) (2010) (amended

---

[1]Plaintiffs' Third Amended Petition ("Third Amended Petition"), Ex. 1 to Notice of Removal and Motion for Consolidation, Docket Entry No. 1-1, p. 3, ¶ 9.  Plaintiffs allege that Spindletop is a general partner of STF.  Id.

[2]Id. ¶ 10.

[3]Id. ¶¶ 10-12.

[4]Id. ¶ 11.

[5]Notice of Removal and Motion for Consolidation, Docket Entry No. 1, p. 1, ¶ 1.

[6]Id. at 4, ¶ 14 & n.1.

-2-

Dec. 7, 2011).[7]  The court found the revival exception inapplicable and remanded the action.[8]  The Fifth Circuit dismissed the appeal.[9]

On June 18, 2012, Plaintiffs filed their Third Amended Petition, the operative pleading in this case, bringing claims against Wright and Kino Eye Center for Visual Innovation ("Kino Eye Center") for conversion and violations of the Texas Theft Liability Act, and against Wright for breach of contract, tortious interference with an existing contract, and fraud.[10]  Plaintiffs also seek a declaratory judgment that Plaintiffs are the sole owners of the film footage and film equipment.[11]  On July 17, 2012, Wright again removed the case based on the revival exception found in 28 U.S.C. § 1446(b) (2010) (amended Dec. 7, 2011).[12]  Wright also moved to consolidate this action with an action previously filed in

---

[7]Id. at 8, ¶ 20.

[8]Spindletop Films, L.L.C. v. Wright, No. 4:10-cv-4551, 2011 WL 8199942 (S.D. Tex. July 1, 2011), Ex. A to Brief in Support of Plaintiffs' Motion for Remand, Request for Attorney Fees and Request for Sanctions ("Plaintiffs' Brief in Support"), Docket Entry No. 8.

[9]See Spindletop Films, L.L.C. v. Wright, No. 11-20560, 2012 WL 3568236 (5th Cir. Aug. 20, 2012).

[10]Third Amended Petition, Docket Entry No. 1-1, pp. 4-8, ¶¶ 13-33.

[11]Id. ¶¶ 34-35.

[12]Notice of Removal and Motion for Consolidation, Docket Entry No. 1.

-3-

federal court by Wright against Spindletop.[13]  Plaintiffs filed an
amended Motion for Remand on August 15, 2012, arguing that subject
matter jurisdiction does not exist and that the revival exception
is inapplicable, rendering the removal untimely.[14]  Wright filed a
response to the Motion for Remand on August 28, 2012.[15]  Plaintiffs
filed a reply on September 4, 2012.[16]

## II.   Removal Jurisdiction and the Revival Exception

### A.   Applicable Law

Under 28 U.S.C. § 1441(a) any state court civil action over
which a federal court would have original jurisdiction may be
removed from state to federal court.  See Gasch v. Hartford Acc. &
Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).  The removing party
bears the burden of showing that subject matter jurisdiction exists
and that the removal procedure was properly followed.  Manguno v.
Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.
2002).  Ambiguities or doubts are to be construed against removal
and in favor of remanding the case to state court.  Id.

---

[13]Id. at 11, ¶ 30.  The previously filed action was filed under
No. 4:10-cv-4549.

[14]Motion for Remand, Docket Entry No. 7.

[15]Defendant's Response in Opposition to Plaintiffs' Motion to
Remand ("Defendant's Response in Opposition"), Docket Entry No. 9.

[16]Plaintiffs' Reply to Defendant's Response in Opposition to
Plaintiffs' Motion to Remand ("Plaintiffs' Reply"), Docket Entry
No. 10.

Section 1446(b) of Title 28, United States Code, governs the timeliness of removal of a state action to federal court:[17]

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Consequently a defendant loses the statutory right to remove upon the expiration of the thirty-day period.[18]

There is, however, "one narrow judicially-created exception to the thirty-day rule, known as the revival exception." Elliott v. City of Holly Springs, 2011 WL 2261331, at *2 (N.D. Miss. June 6, 2011) (internal quotation marks omitted). Under the revival exception "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." Johnson v. Heublein, 227 F.3d 236, 241 (5th Cir. 2000); see also Wilson v. Intercollegiate

---

[17]Because this action was commenced in state court on April 14, 2010, the amendments to the removal statutes enacted in 2011 do not apply. See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 758, § 105. The court applies § 1446 as it existed prior to those amendments.

[18]Assuming, without so finding, that Plaintiffs' case was removable as first filed, the one-year limitation in the second paragraph of 28 U.S.C. § 1446(b) (2010) (amended Dec. 7, 2011) does not apply to this case.

(Big Ten) Conference Athletic Assoc., 668 F.2d 962, 965 (7th Cir. 1982) ("The courts . . . have read into [§ 1446(b)] an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" (quoting Fletcher v. Hamlet, 6 S. Ct. 426, 427 (1886))).

The Fifth Circuit has twice addressed the revival exception. In Cliett v. Scott, 233 F.2d 269 (5th Cir. 1956), the plaintiffs originally filed suit to collect on a money judgment related to accounts on 700 acres of land. 233 F.2d at 269-70. Several years later plaintiffs filed an amended petition asserting for the first time title to the entire 700-acre tract. Id. at 270. In affirming a denial of remand the Fifth Circuit held that the amended petition asserting title to the land created "an entirely new and different suit" through which "defendants' right to remove revived." Id. at 271. In Heublein, 227 F.3d 236 (5th Cir. 2000), after months of litigation in state court, the plaintiff and two other defendants jointly filed a confession of judgment and assignment of claims. 227 F.3d at 239. The state court realigned the parties and the newly-aligned co-plaintiffs amended the petition to reassert the original plaintiff's claims against the remaining defendants and assert the new plaintiffs' previously unfiled claims. Id. In affirming a denial of remand the Fifth Circuit held that the amended pleading revived the defendants' right to remove because

-6-

the parties were realigned, the new allegations bore "no resemblance whatsoever" to those of the original complaint, and the defendants were confronted with a "suit on a construction contract involving exposure to substantial compensatory and punitive damages, instead of only a questionable conversion claim by a competing creditor with an apparently inferior lien." Id. at 242. In sum, the amended petition began "a virtually new, more complex, and substantial case." Id. The Heublein court also recognized that the revival exception must be considered in light of the purposes of the thirty-day limitation on removal and the proper allocation of decision-making responsibilities between state and federal courts. Id.

Since Heublein, district courts have held that an amendment does not revive a right to remove when the lawsuit remains essentially the same as earlier pleaded and the amendment does not alter the essential character of the action. See Air Starter Components, Inc. v. Molina, 442 F. Supp. 2d 374, 382 (S.D. Tex. 2006) (no revival where amended petition reasserted RICO claim and added allegations that three additional defendants had aided in alleged conspiracy, but core of suit still related to alleged theft of trade secrets and conspiracy to defraud plaintiff); La. Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp., 207 F. Supp. 2d 524, 526 (M.D. La. 2002) (no revival where automobile liability insurer amended complaint to add insured as party plaintiff in subrogation

action against tire manufacturer, but core of lawsuit still arose from alleged tire explosion and insured's injuries); Baych v. Douglass, 227 F. Supp. 2d 620, 622 (E.D. Tex. 2002) (no revival where three new defendants and new claims for fraud, civil conspiracy, and violations of Uniform Transfers Act were added, but core of lawsuit still arose from alleged breach of employment contract); Rodriguez v. ACandS, Inc., 2001 WL 333101, at *3 (E.D. La. Apr. 4, 2001) (no revival where new plaintiffs and new claims for wrongful death were added because original plaintiff died, but all claims arose out of asbestos exposure and subsequent injury and death).

Courts have specifically refused to apply the exception even where the amended claims would require additional evidence. See Medrano v. Univ. of Tex.-Pan Am., 2008 WL 2224312, *4 (S.D. Tex. May 29, 2008) ( "While the [additional] claim may well require additional evidence and different burdens of proof, such differences are not so substantial as to create a new opportunity for [the defendant] to remove this action."); Samuels v. All-State Ins. Co., 2006 WL 449257, at *4 (D. Kan. Feb. 23, 2006) (same). The revival exception is warranted only in those situations in which the nature of the suit is substantially transformed by the amendments. See MG Bldg. Materials, Ltd. v. Paychex, Inc., 841 F. Supp. 2d 740, 748 (W.D.N.Y. 2012) (applying the revival exception because "[w]hat began as a lawsuit by two plaintiffs, alleging that [the defendant's] failure to make timely and adequate

-8-

tax payments on behalf of [the plaintiffs] had caused plaintiffs to incur some $162,000 in penalties, has morphed into a class action, potentially involving thousands of class members across the country, while the damage claims have grown to a whopping $15 billion, an increase of over nine million percent").

## B.   Analysis

Wright argues that the Third Amended Petition revived the right to remove by adding causes of action for fraud and tortious interference with contract, which Wright describes as "two wholly new and distinct claims not previously raised and constituting entirely new actions."[19]  As to the fraud claim, Plaintiffs allege:

> Defendant Wright represented to Plaintiff that he was an experienced film maker and was capable of filming this project.  Said material representations were false and Defendant knew that such representations were false or made recklessly as a positive assertion and without knowledge of its truth.  The Defendant made such representations with the intent that the Plaintiffs act on them, and Plaintiffs did indeed rely upon said representations.  Defendant's fraudulent representations induced Plaintiffs into the agreement to Plaintiffs' detriment.[20]

As to the tortious interference with contract claim, Plaintiffs allege:

> Plaintiffs had valid contracts with [their] investors to produce and distribute the Film commercially.  Defendant Wright knew of such agreement, and willfully and intentionally interfered with the contract when Defendant

---

[19]Notice of Removal and Motion for Consolidation, Docket Entry No. 1, p. 11, ¶ 31.

[20]Third Amended Petition, Docket Entry No. 1-1, p. 6, ¶ 22.

Wright sent correspondence, in June of 2012, stating that
he would "prefer to include the initial investors in this
process of working to release a viable film[,"] and "[i]f
you are interested in the possibility of working with me
in the future to release a film that may recoup both your
investment and my outstanding expenses, please feel free
to contact me[."]  Aside from witness tampering issues,
this interference by said defendant has proximately
caused Plaintiffs' injury, and incurred damages as a
result of such actions.[21]

Wright relies on these two causes of action to argue that the
amended pleading is sufficient to trigger the revival exception.
In support Wright cites <u>Cliett</u>, 233 F.2d 269, and <u>Heublein</u>, 227
F.3d 236, in which a court applied the revival exception to allow
removal after the expiration of the thirty-day period.

    The court concludes that this case does not merit application
of the narrow revival exception because the core of the lawsuit
remains essentially the same and the essential character of the
action has not changed.  Both <u>Heublein</u> and <u>Cliett</u> involved extra-
ordinary facts of the sort not present in this case.  First, unlike
in <u>Heublein</u>, the parties in this case have not been realigned in
any way.  Notably, Wright does not rely on the addition of Kino Eye
Center as a defendant in the Third Amended Petition to support
revival.  In any case, the mere addition of a new party does not by
itself transform the character of the action.  <u>See</u> <u>La. Farm Bureau</u>,
207 F. Supp. 2d at 526; <u>Baych</u>, 227 F. Supp. 2d at 623.

    Moreover, the allegations in the Third Amended Petition are
virtually unchanged with the exception of the new defendant and the

---

[21]<u>Id.</u> at 7 and 8, ¶ 32.

additional causes of action.  The thrust of the facts alleged in the petition was -- and still is -- that Wright violated an agreement and now wrongfully refuses to transfer the film footage and return the equipment to STF.  This scenario stands in stark contrast to the amended petition in Heublein that bore "no resemblance whatsoever" to the original.  Third, the core of the lawsuit relative to the original petition remains essentially the same.  In both Cliett, where a suit on a money judgment transformed into a claim for title, and Heublein, where a questionable conversion claim transformed into a claim on a contract accompanied by an increase in damages, the core of the lawsuit was drastically altered.  See also Paychex, 841 F. Supp. 2d at 748 (amendments transformed suit into class action and increased damages by factor of nine million).  Wright is not confronted with a drastically different action or huge increase in potential liability.  Wright still confronts causes of action for monetary recovery for theft, conversion, and breach of contract as well as a petition for a declaratory judgment regarding ownership of the film footage and equipment.  The causes of action for monetary recovery[22] for fraud, which relates to the agreement, and for tortious interference of contract, which relates to the retention of the film footage, are

---

[22]Wright claims that the new cause of action for fraud alleges over $100,000 in damages, see Notice of Removal and Motion for Consolidation, Docket Entry No. 1, p. 13, ¶ 36, but Plaintiffs' Third Amended Petition does not allege such damages.

not so radically different as to alter the nature of the entire suit.

Although the amended claims will require additional evidence and different burdens of proof, this difference is not so substantial as to afford Wright a new opportunity to remove.  See Medrano, 2008 WL 2224312, at *1.  Furthermore, the essentially unchanged nature of the action as a whole is evidenced by Wright's own assertion that "[w]hat confronts the Court are competing claims in which one party seeks a right to do that which the other party seeks a right to prevent.  One party seeks to establish its rights under federal copyright law and the other under state common law."[23] Wright thus argues that the parties are still targeting the same goal -- i.e., establishing ownership of the film footage -- which shows that Wright has not been confronted with a petition that was amended so substantially as to alter the character of the action and constitute essentially a new lawsuit.

The court also concludes that allowing removal of this action would thwart the purposes behind the thirty-day limitation.  This has been pending in state court for more than two years and was docketed for trial at the time of removal.  Removal would result in delay and wastefulness, as it would require a new beginning in this court after significant proceedings in state court.  See Heublein, 227 F.3d at 242.

---

[23]Defendants' Response in Opposition, Docket Entry No. 9, p. 17.

Wright cites the Heublein directive that courts are to also consider "the proper allocation of decision-making responsibilities between state and federal courts" when deciding whether to apply the revival exception. See id. Wright argues that the revival exception should apply because this is a "case of exclusive, pre-emptive federal jurisdiction over disputed claims of copyright ownership."[24]  But Wright does not argue that the petition for declaratory judgment -- the part of the petition relating to ownership of the footage -- triggers revival.  Wright's claim that the suit should be revived based on the petition for declaratory judgment has already been adjudicated against him.[25]  Wright now argues that the state law causes of action (the only claims that have been changed) trigger revival.[26]  The court is not persuaded that the proper allocation of federal and state court responsibilities supports removal in this case.  Therefore, construing the removal statute against removal and in favor of remand, see Manguno, 276 F.3d at 723, the court finds that removal of this case does not fall within the narrow revival exception of 28 U.S.C. § 1446(b).

---

[24]Notice of Removal and Motion for Consolidation, Docket Entry No. 1, p. 14, ¶ 38.

[25]See Spindletop Films, L.L.C. v. Wright, No. 4:10-cv-4551, 2011 WL 8199942 (S.D. Tex. July 1, 2011), Ex. A  to Plaintiffs' Brief in Support, Docket Entry No. 8.

[26]Defendant's Response in Opposition, Docket Entry No. 9, p. 13.

### III.  Costs, Expenses, and Attorney's Fees

Plaintiffs also seek reimbursement of costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c) and sanctions under Fed. R. Civ. P. 11.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).  Even though the court concludes that removal was improper, the grounds on which Wright removed the action were not objectively unreasonable.  The court will therefore deny Plaintiffs' request for costs, expenses, and attorney's fees under § 1447(c).

Rule 11 permits the district court to impose sanctions on a party or attorney, or both, for filing a pleading or motion that (1) is presented for an improper purpose, (2) is not reasonably warranted by existing law, or (3) is not reasonably grounded in fact.  Just as the removal was not objectively unreasonable under § 1447(c), it was not objectively unreasonable under Rule 11.  The court also finds that Wright's removal was not presented for an improper purpose.  The court will therefore deny Plaintiffs' request for sanctions under Rule 11.

### IV.  Conclusion and Order

The court concludes that Plaintiffs' Third Amended Petition did not substantially alter the nature of the case as to revive Wright's right to remove.  Remand is therefore appropriate.

-14-

Furthermore, because the case will be remanded, the court will not consolidate it with the action Wright previously filed in federal court.  The court will not award any costs, expenses, attorney's fees or sanctions because Wright's grounds for removal were not objectively unreasonable.

For the reasons stated above, Plaintiffs' Amended Motion for Remand (Docket Entry No. 7) is **GRANTED**, and Plaintiffs' Request for Attorney Fees and Request for Sanctions (Docket Entry No. 7) are **DENIED**.  Because the court lacks jurisdiction over the action, Wright's Motion for Consolidation (Docket Entry No. 1) is **MOOT**. The action is **REMANDED** to the 270th Judicial District Court of Harris County, Texas.  The Clerk of Court is directed to promptly send a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 2nd day of November, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE